BRASH, J.
*473 ¶1 Charles L. Neill, IV, appeals from his judgment of conviction and an order denying his motion for postconviction relief relating to his conviction for operating a motor vehicle while under the influence of an intoxicant (OWI) as a third offense. Two penalty enhancers applied to Neill's offense: (1) committing this crime while driving with a minor under the age of sixteen in the vehicle, pursuant to WIS. STAT. § 346.65(2)(f)2. (2015-16)[1] ; and (2) committing this crime with a blood alcohol concentration of 0.25 or above, pursuant to WIS. STAT. § 346.65(2)(g)3.
¶2 Neill argues that at sentencing, the trial court incorrectly interpreted that statute and thus *474 erred in calculating the minimum fine after taking the penalty enhancers into consideration. Therefore, he requests a sentence modification reducing the fine that was imposed by the trial court. The State argues that although the statute is ambiguous regarding how to calculate the minimum fine when both penalty enhancers apply, the trial court properly interpreted the statute and assessed the correct minimum fine.
¶3 We reject Neill's interpretation of the statute and calculation of the minimum fine that may be imposed. We also reject the State's contention that the relevant *863 subdivisions of WIS. STAT. § 346.65(2) are ambiguous. Rather, we conclude that a plain reading of the statute supports the calculation of the trial court. We therefore affirm.
BACKGROUND
¶4 On July 2, 2016, Milwaukee County law enforcement officers were advised of a minivan driving recklessly. A 911 caller had observed the minivan in a Subway drive-thru where the driver appeared to be sleeping. The caller reported the incident, along with the license plate number of the minivan. The caller then followed the minivan after the driver woke up and began driving; he observed the minivan "driving all over the road" and stated that it had nearly struck several cars. At one point, the driver of the minivan got out of his vehicle and threw a beer bottle at the 911 caller's vehicle.
¶5 Officer John Finco attempted to stop the minivan in Oak Creek. The minivan did not immediately stop, instead continuing to travel at low speeds. When the minivan finally stopped and the officer made contact with the driver, later identified as Neill, he *475 observed that Neill was extremely confused. The officer also detected the odor of alcohol. Neill fumbled through his wallet looking for his driver's license and performed poorly on field sobriety tests. The officer believed that Neill was intoxicated.
¶6 Another officer assisting with the stop observed a small child, later determined to be one year old, in the backseat of the minivan. The child was in a car seat, but the shoulder straps were not fastened. Officers also recovered an open bottle of Bud Light between the child's car seat and the front seat, as well as a six pack-with four bottles of Bud Light remaining-in the passenger seat.
¶7 The officers transported Neill to the hospital, where a blood draw revealed a blood alcohol concentration (BAC) of 0.353. The officers also checked the records of the Wisconsin Department of Transportation and discovered that Neill had two prior OWI offenses.
¶8 Neill was charged with his third OWI offense along with penalty enhancers for having a minor in the vehicle and having an excessive BAC.
¶9 Neill pled guilty. The trial court imposed and stayed a prison sentence of fifteen months of initial confinement and nine months of extended supervision, and placed Neill on probation for three years. As a condition of probation, the court imposed six months in jail.
¶10 The trial court also imposed a fine of $4800. This fine aligned with the State's proposition that the minimum fine of $600 for an OWI-third offense is doubled when a minor is in the vehicle at the time of the offense, for a new minimum base fine of $1200. That new base fine is then quadrupled by the enhancer *476 for having an excessive BAC, for a total minimum fine of $4800.
¶11 Neill argued that only one penalty enhancer-the enhancer for an excessive BAC-should be applied, which would quadruple the $600 base fine for an OWI-third offense, for a total minimum fine of $2400. However, the court maintained that the new minimum base fine for an OWI-third offense with a minor in the vehicle is $1200, which is then multiplied by four for the excessive BAC penalty enhancer.
¶12 Neill filed a postconviction motion arguing that the trial court's calculation was incorrect. He asserted that there is nothing in the statutes that indicates that increases in the base fine for the penalty enhancers are to be multiplied by each other. Thus, Neill argued that the starting point for calculating the fine for each enhancer is $600, not $1200.
*864 ¶13 The trial court denied Neill's motion. The court, which had initially categorized having a minor in the vehicle as a separate and distinct offense, recognized that it was actually a penalty enhancer. Nevertheless, the court was not persuaded by Neill's alternative calculation, pointing out that Neill had provided no authority or legislative history in support of his position. In fact, the court noted that its interpretation and calculation were more "consistent with the general trend towards harsher mandatory minimum sentences" for OWI offenses. This appeal follows.
DISCUSSION
¶14 Neill's argument requires that we interpret WIS. STAT. § 346.65(2), the statute describing the penalties for OWI offenses. "Statutory interpretation presents *477 a question of law that we review independently[.]" Roberts v. T.H.E. Ins. Co. , 2016 WI 20, ¶19, 367 Wis.2d 386, 879 N.W.2d 492. Our analysis "begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry." State ex rel. Kalal v. Circuit Court for Dane Cty. , 2004 WI 58, ¶45, 271 Wis.2d 633, 681 N.W.2d 110 (citation omitted).
¶15 "Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." Id. We also take into consideration the context and structure of the statute in question, reviewing it "in relation to the language of surrounding or closely-related statutes[.]" Id. , ¶46. If we conclude that the statute " 'yields a plain, clear statutory meaning, then there is no ambiguity, and the statute is applied according to this ascertainment of its meaning.' " Id. (citation omitted).
¶16 If, on the other hand, the statute in question "is capable of being understood by reasonably well-informed persons in two or more senses," it is ambiguous. Id. , ¶47. However, a determination of ambiguity is not merely "a disagreement about the statutory meaning[.]" Id. Indeed, "[s]tatutory interpretation involves the ascertainment of meaning, not a search for ambiguity." Id. (citation omitted).
¶17 Neill does not argue that the statute is ambiguous, just that the trial court incorrectly interpreted it. Neill agrees that the primary fine of $600 for a third-offense OWI conviction would be doubled to $1200 for having a minor passenger in his vehicle, pursuant to WIS. STAT. § 346.65(2)(f)2. However, he contends *478 that in calculating the penalty for his excessive BAC, the base fine of $600 is again the starting point for calculating the enhancer; in other words, the $600 base fine is quadrupled, for a total of $2400. See § 346.65(2)(g)3. Under Neill's interpretation, the two fines should then be added for a total of $3600. Additionally, Neill argues that because the enhancer for having a minor passenger in the vehicle exposes him to prison, it "makes sense" in his case to apply only the enhancer for his excessive BAC, and not include the enhancer for the minor passenger, which would reduce his total fine to $2400.
¶18 In contrast, the State argues that the statutes when applied separately are clear, but when both penalty enhancers apply they are ambiguous as to the proper application. Nevertheless, the State asserts that the trial court properly interpreted the statutes in applying the enhancer for the minor passenger first to establish a new base minimum fine, and then quadrupling that new base for the excessive BAC enhancer. That is how the trial court calculated *865 the minimum fine, and the State contends that this is the correct method.
¶19 For our interpretation of WIS. STAT. § 346.65(2), we begin with an overview of the statute. This statute describes the different penalties that may be imposed for violation of WIS. STAT. § 346.63, the OWI statute. The penalties vary depending on the number of OWI convictions; as relevant here, a third OWI conviction carries a minimum fine of $600 and a minimum sentence of forty-five days in jail. Sec. 346.65(2)(am)3.
¶20 Additionally, this statute lists other factors that can affect the penalty imposed. For example, there is a penalty enhancer for having a minor passenger under the age of sixteen in the vehicle at the time the offense was committed. In that event, "the applicable *479 minimum and maximum fines and imprisonment under par. (am)2. to 7. for the conviction are doubled." WIS. STAT. § 346.65(2)(f)2.
¶21 The statute includes another penalty enhancer for having an excessive BAC, which is also applicable in this case. Specifically, if the person convicted of an OWI offense "had an alcohol concentration of 0.25 or above, the applicable minimum and maximum fines under par. (am)3. to 5. are quadrupled." WIS. STAT. § 346.65(2)(g)3.
¶22 A plain reading of the statute reveals that there is no language precluding the application of both enhancers to the same offense. Furthermore, "multiple enhancers may normally be applied to the same underlying crime." State v. Beasley , 2004 WI App 42, ¶14, 271 Wis.2d 469, 678 N.W.2d 600. Thus, we reject Neill's argument that only the excessive blood alcohol content enhancer should be applied to reduce his fine to $2400.
¶23 Moreover, we find that the statute clearly indicates that adding either of the penalty enhancers changes the base minimum fine. Both provisions state that "the applicable minimum and maximum fines" are increased as a result of the behavior of the person convicted of the offense. See WIS. STAT. § 346.65(2)(f)2., (2)(g)3. In other words, the minimum fine is altered based on the conduct of the defendant. Therefore, after one enhancer is applied, that increased minimum fine is used as the base for purposes of calculating the other enhancer.[2]
*480 ¶24 Thus, we conclude that the statute " 'yields a plain, clear statutory meaning' " and, as such, there is no ambiguity. See Kalal , 271 Wis.2d 633, ¶46, 681 N.W.2d 110. Therefore, the trial court correctly calculated the minimum fine that it imposed on Neill and, accordingly, we affirm.
By the Court. -Judgment and order affirmed.

All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

We note that while the State argues that the minor passenger enhancer is applied first to increase the minimum base fine based on "the Legislature['s] inten[t]," the total minimum fine, once both enhancers are applied, is the same regardless of which enhancer is applied first.