# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2018AP75-CR |

| | |
|---|---|
| COMPLETE TITLE: | State of Wisconsin,<br>          Plaintiff-Respondent,<br>     v.<br>Charles L. Neill, IV,<br>          Defendant-Appellant-Petitioner. |

REVIEW OF DECISION OF THE COURT OF APPEALS
2019 WI App 4, 385 Wis. 2d 471,922 N.W.2d 861 –
Published

| | |
|---|---|
| OPINION FILED: | February 14, 2020 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | October 14, 2019 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | Circuit |
|   COUNTY: | Milwaukee |
|   JUDGE: | Dennis R. Cimpl |

JUSTICES:

REBECCA GRASSL BRADLEY, J., delivered the majority opinion for a unanimous Court.

NOT PARTICIPATING:

ATTORNEYS:

For the plaintiff-respondent, there was a brief filed by *Michael C. Sanders,* assistant attorney general, with whom on the brief was *Joshua L. Kaul* attorney general there was an oral argument by *Michael C. Sanders*.

For the defendant-appellant-petitioner, there were briefs filed by *Pamela Moorshead,* assistant state public defender. There was an oral argument by *Pamela Moorshead*.

**2020 WI 15**

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2018AP75-CR
(L.C. No. 2016CR2997)

STATE OF WISCONSIN : IN SUPREME COURT

**State of Wisconsin,**

  **Plaintiff-Respondent,**

  **v.**

**Charles L. Neill, IV,**

  **Defendant-Appellant-Petitioner.**

**FILED**

**FEB 14, 2020**

Sheila T. Reiff
Clerk of Supreme Court

REBECCA GRASSL BRADLEY, J., delivered the majority opinion for a unanimous Court.

REVIEW of a decision of the Court of Appeals. *Reversed and cause remanded.*

¶1 REBECCA GRASSL BRADLEY, J. Charles L. Neill, IV seeks review of the court of appeals decision[1] affirming the judgment and order upholding his sentence for third-offense OWI.[2] This

---

[1] State v. Neill, 2019 WI App 4, 385 Wis. 2d 471, 922 N.W.2d 861.

[2] The Honorable Dennis R. Cimpl of the Milwaukee County Circuit Court presided.

appeal involves only the $4,800 fine Neill was ordered to pay. The issue presented requires the interpretation of the penalty enhancers in Wisconsin's OWI statutes. Specifically, we consider how the penalty enhancers' provisions requiring "doubling" and "quadrupling" of the fine for a third-offense OWI should be determined when multiple penalty enhancers apply. Neill faced two penalty enhancers: (1) having a minor passenger in his car, which requires doubling of the fine, and (2) driving with a high blood alcohol concentration, which requires quadrupling of his fine.

¶2 The court of appeals decided that the first penalty enhancer changes the "applicable minimum" fine Wis. Stat. § 346.65(2)(am)3 sets for third-offense OWI, and as a result, when applying the second penalty enhancer, a court must use this already-enhanced applicable minimum instead of the specific applicable minimum for third-offense OWI contained in § 346.65(2)(am)3.

¶3 We reject this interpretation. The statute's text requires that each penalty enhancer use the specific "applicable minimum" contained in Wis. Stat. § 346.65(2)(am)3, which for third-offense OWI is $600. Accordingly, the court of appeals erred when it affirmed the $4,800 fine imposed by the circuit court. Because the text of § 346.65(2)(am)3 sets the minimum applicable fine at $600, both penalty enhancers must be calculated using $600 as the applicable minimum.

---

"OWI" is the commonly-used acronym for operating a motor vehicle while under the influence of an intoxicant or other drug.

¶4 Neill's first penalty enhancer for OWI with a minor passenger, Wis. Stat. § 346.65(2)(f)2, requires "the applicable fine" be doubled. Accordingly, the circuit court should have started with $600 and multiplied it by two for an enhanced fine of $1,200. Neill's second penalty enhancer for OWI with a high BAC, Wis. Stat. § 346.65(2)(g)3, requires "the applicable fine" in § 346.65(2)(am)3 be quadrupled. Consequently, the circuit court should have started with $600 and multiplied it by four for an enhanced fine of $2,400. These two fines total $3,600, not $4,800. We reverse the decision of the court of appeals and remand with directions to amend the judgment to require Neill to pay a fine of $3,600.

## I. BACKGROUND

¶5 In July 2016, Neill was arrested for OWI. At the time, he had his one-year-old child in the car and had a blood alcohol concentration of .353 percent. The State charged Neill with third-offense OWI, based on his prior convictions from 2005 and 2008. The Complaint and the Information listed the charge as: third-offense OWI "with a minor child in the vehicle." These documents then listed the .353 percent blood alcohol concentration under "penalty enhancer."

¶6 Neill pled guilty to third-offense OWI and the circuit court imposed and stayed a sentence of 15 months initial confinement followed by 9 months of extended supervision. The circuit court placed Neill on probation for 3 years with 6 months jail time as a condition of probation. The circuit court imposed a fine of $4,800.

¶7 During sentencing, defense counsel objected to the $4,800 fine:

> [DEFENSE COUNSEL]: Your Honor . . . our position is that the minimum fine would be four times the regular minimum fine of $600.
>
> I know the State is of the position it should be multiplied by eight because of the two possible enhancers. I don't see anything in the statutes or case law that direct us whether those multipliers -- the one for having the child in the car and one for the high BAC -- should be multiplied together, if the Court's following me, so because --
>
> THE COURT: The minimum fine is $1,200. It must be multiplied by four because of his BAC.
>
> [DEFENSE COUNSEL]: What is the Court citing?
>
> THE COURT: I'm looking at the complaint.
>
> [DEFENSE COUNSEL]: And the--
>
> THE COURT: The complaint says that the minimum fine for a third offense under 343.307(1) since January 1st, 1989 be fined not less than $1,200, nor more than $4,000.
>
> [DEFENSE COUNSEL]: I'm--
>
> THE COURT: . . . [B]ecause the BAC -- the penalty enhancer for the BAC, he had an alcohol concentration of .25 or above, the applicable minimum and maximum fines are quadrupled, so that's why it's $4,800.
>
> [DEFENSE COUNSEL]: . . . Where I'm getting my information from is 346.65, which is the penalty section for OWIs --
>
> THE COURT: Yep.
>
> [DEFENSE COUNSEL]: -- (2)(3), which is penalties for third offense. The minimum fine is $600.
>
> THE COURT: . . . It's not a third offense. It's this offense.

4

[DEFENSE COUNSEL]: And--

THE COURT: And the minimum fine for this offense, operating while intoxicated third offense with a minor child . . . in the vehicle is $1,200. And by law . . . because of his BAC, it has to be quadrupled. I don't have any choice. I don't like it, but that's what the law says.

[DEFENSE COUNSEL]: And I--

THE COURT: So his fine is $4,800.

[DEFENSE COUNSEL]: Judge, I just want to make a record.

THE COURT: Go ahead.

[DEFENSE COUNSEL]: Make my objection in case Mr. Neill wants to appeal what the minimum fine is. What we have is -- is two penalty enhancers, and we don't have any direction from the statutes or case law from what I can tell that tell us whether they should both be applied together, you know, minimum fine of six hundred times two and the times four because it's -- there's no statute covering that situation.

The way we get to [$]1,200 is because of (f)(2) of that same section that doubles the minimum fine if there's a child in the car. And then we have the section on the BAC, which is (g)(3), which says that if the BAC is .25 or above the minimum fines are quadrupled. But there's nothing to say they should be multiplied together four and the times two. So our position is that since it's ambiguous, the rule of leniency means that only one of those should apply, and it should be the quadrupled.

THE COURT: I don't see any ambiguity at all. The minimum fine is $1,200 for this crime, and by law, this crime's minimum has to be quadrupled to [$]4,800. I don't like it. That's what the statute says, so the fine is $4,800.

¶8 The circuit court entered judgment imposing a fine of $4,800. In October 2017, Neill filed a postconviction motion asking the circuit court to decrease the $4,800 fine. The motion

5

alleged the circuit court failed to use the $600 applicable minimum from the statute in assessing the fine and instead incorrectly used the $1,200 applicable minimum alleged in the Complaint. As noted, the Complaint listed the crime as "Operating a motor vehicle while intoxicated – Third Offense, with a minor child in the vehicle" and listed a single penalty enhancer for high BAC. The Complaint listed the minimum fine as $1,200. Neill's motion asserted that having a minor child in the car is a penalty enhancer——that the offense itself is OWI-third, and as a result of the misstatement in the Complaint, the circuit court incorrectly used $1,200 as the minimum fine instead of $600. Neill's postconviction motion argued that only the greater penalty enhancer should apply because the lesser penalty enhancer should be subsumed within the greater. In other words, because the doubled penalty enhancer resulted in a $1,200 fine and the quadrupled penalty enhancer resulted in a $2,400 fine, Neill argued he should have to pay only the greater of the two——$2,400.

¶9 The circuit court acknowledged that it incorrectly relied on the Complaint instead of the OWI statutes in computing the fine:

> Viewing the complaint in isolation, it appears that operating a motor vehicle while intoxicated – third offense, with minor child in vehicle is a criminal offense in and of itself, but upon a review of the statutes, it becomes clear that the crime is operating a motor vehicle [while] intoxicated (3rd offense) and that "with minor in vehicle" is a penalty enhancer, which not only doubles the minimum and maximum penalties but also converts the offense from a misdemeanor to a felony. Although the State did not charge the "with minor child in vehicle" provision as a penalty enhancer, presumably

6

for purposes of prosecuting this case in felony court, that is essentially what it is, and therefore, the complaint does not control the outcome of [the fine in] this case.

¶10 Nonetheless, the circuit court disagreed with Neill's position that the lesser fine is simply subsumed within the greater fine. The circuit court said both penalty enhancers should be applied under State v. Beasley, 2004 WI App 42, ¶14, 271 Wis. 2d 469, 678 N.W.2d 600 (recognizing multiple penalty enhancers may be applied), and refused to adopt Neill's position because doing so would give effect to only one of the penalty enhancers. Without further explanation, the circuit court found the proper fine to be $4,800.

¶11 Neill appealed the circuit court's decision to the court of appeals, which affirmed in a 2-1 decision. State v. Neill, 2019 WI App 4, 385 Wis. 2d 471, 922 N.W.2d 861. The majority of the court of appeals held that application of the first penalty enhancer "altered" the applicable minimum fine starting point. Id., ¶23. In other words, once the first penalty enhancer has been applied, a court uses the enhanced number instead of the $600 when it applies the second penalty enhancer. Because the first penalty enhancer doubled the $600 to $1,200, the court of appeals concluded the $1,200 must be used as the starting number when applying the second penalty enhancer. Quadrupling the $1,200 resulted in an aggregate enhanced fine of $4,800.

7

¶12 Presiding Judge Joan F. Kessler, dissented.[3] Judge Kessler "disagree[d] that the application of multiple penalty enhancers changes the minimum base fine." Id., ¶25. The dissent asserted that the plain text of the statute does not allow the calculation described by the court of appeals majority:

> The statute does not state that penalty enhancers are to be multiplied by each other, which is what the trial court did here. The Majority states that the statute does not preclude a trial court from changing a base fine by multiplying penalty enhancers together, but the statute does not specifically instruct a court to apply the second or subsequent multiplier to an already multiplied fine. We may not add words to the statute's text. Words excluded from a statutory text must be presumed to have been excluded for a purpose.

> The statute plainly states that the "base fine" for a third OWI offense is $600. Nothing in the statute instructs us to apply sequential enhancers to any figure other than the base fine set out in the statute.

> Each penalty enhancer must be separately applied. See Wis. Stat. § 346.65(2). Applying the enhancer for having a minor in the car ($1200) and the enhancer for a prohibited BAC ($2400) results in a total fine of $3600 when the plain language the legislature chose is applied.

Neill, 385 Wis. 2d 471, ¶¶27-29 (citations omitted).

¶13 Neill petitioned this court for review, which we granted.

---

[3] Judge Joan F. Kessler presided over District I Court of Appeals at the time of Neill's decision.

## II. STANDARD OF REVIEW

¶14 This case involves the interpretation of statutes, which presents "a question of law we review independently[.]" State v. Hinkle, 2019 WI 96, ¶14, 389 Wis. 2d 1, 935 N.W.2d 271.

## III. STATUTES

¶15 Wisconsin Stat. § 346.63(1) prohibits any person from operating a motor vehicle while under the influence.[4] Wisconsin Stat. § 346.65 sets forth the penalties for violating § 346.63(1). Three of the OWI penalty statutes are at issue in this case.

¶16 The first is the general penalty statute for third-offense OWI, Wis. Stat. § 346.65(2)(am)3, which provides:

Any person violating s. 346.63 (1):

Except as provided in pars. (cm), (f), and (g), shall be fined not less than $600 nor more than $2,000 and imprisoned for not less than 45 days nor more than one year in the county jail if the number of convictions under ss. 940.09 (1) and 940.25 in the person's lifetime, plus the total number of suspensions, revocations, and

---

[4] Wisconsin Stat. § 346.63(1) provides as pertinent:

No person may drive or operate a motor vehicle while:

(a) Under the influence of an intoxicant, a controlled substance, a controlled substance analog or any combination of an intoxicant, a controlled substance and a controlled substance analog, under the influence of any other drug to a degree which renders him or her incapable of safely driving, or under the combined influence of an intoxicant and any other drug to a degree which renders him or her incapable of safely driving; or

. . . .

(b) The person has a prohibited alcohol concentration.

other convictions counted under s. 343.307 (1), equals 3, except that suspensions, revocations, or convictions arising out of the same incident or occurrence shall be counted as one.

(Emphasis added.)

¶17 The second is the penalty enhancer for third-offense OWI with a minor in the car, Wis. Stat. § 346.65(2)(f)2, which provides:

If there was a minor passenger under 16 years of age in the motor vehicle at the time of the violation that gave rise to the conviction under s. 346.63 (1), the applicable minimum and maximum fines and imprisonment under par. (am) 2. to 7. for the conviction are doubled. An offense under s. 346.63 (1) that subjects a person to a penalty under par. (am) 3., 4., 5., 6., or 7. when there is a minor passenger under 16 years of age in the motor vehicle is a felony and the place of imprisonment shall be determined under s. 973.02.

(Emphasis added.)

¶18 The third is the penalty enhancer for having a high BAC in an OWI-third, Wis. Stat. § 346.65(2)(g)3, which provides:

If a person convicted had an alcohol concentration of 0.25 or above, the applicable minimum and maximum fines under par. (am) 3. to 5. are quadrupled.

(Emphasis added.)

¶19 Resolving the issue presented in this case depends on construing the emphasized text in these three statutes collectively.

IV. DISCUSSION

¶20 The parties proffer three interpretations of the statutory text:

(1) Neill proposes that quadrupling the applicable minimum fine pursuant to one penalty enhancer subsumes the

10

doubling of the fine under the other penalty enhancer; because the quadrupled fine of $2,400 is higher than $1,200, Neill argues he should be required to pay only the $2,400;

(2) The circuit court, the majority of the court of appeals, and the State would start with the minimum fine of $600, then double it to $1,200 to get a new applicable fine, and then use $1,200 as the new minimum to be quadrupled under the other penalty enhancer, resulting in a fine of $4,800; and

(3) In the alternative, Neill advances Judge Kessler's interpretation, which would double and quadruple the $600 and then add those amounts.

We hold the text of these statutes supports only Judge Kessler's interpretation.

A.  Rules of Statutory Interpretation

¶21  When interpreting statutes, we start with the language of the statutes, and if the meaning of the text is plain, we go no further.  State ex rel. Kalal v. Circuit Court, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110.  "Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning."  Id.  In determining the meaning of the text, context and the statute's structure are important so that the words are not viewed in isolation, but are considered together with "closely-related" statutes.  Id., ¶46.  The goal is to interpret the statute in a reasonable way, which avoids "absurd or unreasonable results."  Id.

11

¶22 We also attempt "to give reasonable effect to every word, in order to avoid surplusage," id., and apply the fundamental canon of statutory construction that "[n]othing is to be added to what the text states or reasonably implies[.]" Id.; Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 93 (2012). "A matter not covered is to be treated as not covered." Lopez-Quintero v. Dittmann, 2019 WI 58, ¶18, 387 Wis. 2d 50, 928 N.W.2d 480 (quoting Scalia & Garner, Reading Law 93).

¶23 "One of the maxims of statutory construction is that courts should not add words to a statute to give it a certain meaning." Fond Du Lac Cty. v. Town of Rosendale, 149 Wis. 2d 326, 334, 440 N.W.2d 818 (Ct. App. 1989) (citation omitted); see also Dawson v. Town of Jackson, 2011 WI 77, ¶42, 336 Wis. 2d 318, 801 N.W.2d 316 ("We decline to read into the statute words the legislature did not see fit to write." (citation omitted)); State v. Wiedmeyer, 2016 WI App 46, ¶13, 370 Wis. 2d 187, 881 N.W.2d 805 ("It is not up to the courts to rewrite the plain words of statutes[.]"). "[R]ather, we interpret the words the legislature actually enacted into law." State v. Fitzgerald, 2019 WI 69, ¶30, 387 Wis. 2d 384, 929 N.W.2d 165.

### B. Application

¶24 We start, then, with the language of the pertinent statutes to see whether the meaning of the text is plain. We conclude that it is and that Judge Kessler's interpretation of these statutes is correct.

¶25 The text of the statute setting the fine for third-offense OWI plainly says that anyone who violates the OWI statute

a third time "shall be fined not less than $600." Wis. Stat. § 346.65(2)(am)3. This language establishes a minimum fine for a third-offense OWI of $600. Section 346.65(2)(am)3 does have an "except" clause that refers to "pars. (cm), (f), and (g)." None of the referenced paragraphs changes the $600 starting point. Paragraph (cm) applies only when a county "opts to offer a reduced minimum period of imprisonment for the successful completion of a probation period that includes alcohol and other drug treatment" and is not applicable here. Paragraphs (f) and (g) contain the penalty enhancers applicable in this case.

¶26 Paragraph (f) is the penalty enhancer for OWIs when minor passengers are in the car. See Wis. Stat. § 346.65(2)(f). Paragraph (g) is the penalty enhancer for high BACs. See Wis. Stat. § 346.65(2)(g). The text of each penalty enhancer refers us to the "applicable minimum" in § 346.65(2)(am)3, which is $600. See § 346.65(2)(f)2 (referencing "the applicable minimum . . . under [Wis. Stat. § 346.65(2)] par. (am) 2. to 7."); § 346.65(2)(g) (referencing "the applicable minimum . . . under [Wis. Stat. § 346.65(2)] par. (am) 3. to 5.").

¶27 The term "applicable" is used because of the overall structure of the OWI statute——the applicable minimum (and also the maximum fine and imprisonment time)——varies depending upon which number OWI is involved. Paragraph (f) covers second offense OWIs through tenth (or more) OWIs. See Wis. Stat. § 346.65(2)(f)2 ("the applicable minimum and maximum fines and imprisonment under par. (am) 2. to 7. [referencing statutes for second through tenth or more OWIs] for the conviction are doubled"). Paragraph (g) covers

13

only third, fourth, and fifth or sixth OWIs. Wis. Stat. § 346.65(2)(g)3 ("the applicable minimum and maximum fines under par. (am) 3. to 5. [referencing statutes for third, fourth, and fifth or sixth OWIs] are quadrupled"). The minimum fine for each OWI varies depending on which number offense it is. See Wis. Stat. § 346.65(2)(am).

¶28 For a third-OWI conviction, the "applicable minimum" is $600. Wis. Stat. § 346.65(2)(am)3. The text of paragraph (f) instructs a court to "double" the $600. The text of paragraph (g) instructs a court to "quadruple" the $600. There is nothing in the text suggesting that application of the first penalty enhancer "alters" or "increases" or sets a higher minimum fine for third-OWI when the second penalty enhancer also applies. The text does not direct a court to start with the already "doubled" fine or the already "quadrupled" fine when applying a second penalty enhancer. Rather, it plainly instructs a court to use the "applicable minimum" for third-OWI contained in § 346.65(2)(am)3. Adopting the construction espoused in the majority opinion of the court of appeals would require rewriting the statute or adding words to make the "applicable minimum" vary based not on the number of OWIs of which an offender has been convicted, but on what penalty enhancers apply. A court's job is not to rewrite a statute. See Segregated Account v. Countrywide Home Loans, Inc., 2017 WI 71, ¶15, 376 Wis. 2d 528, 898 N.W.2d 70. Alteration of the minimum applicable fine when multiple penalty enhancers apply lies with the legislature, not this court.

14

¶29 Similarly, the text of the statute does not support Neill's position that when both penalty enhancers apply, the lesser penalty enhancer is subsumed by the greater enhancer. Nothing in the text of the statute suggests giving effect to the greater enhancer alone when multiple penalty enhancers apply. We must apply the text as written, which requires a fine for both driving drunk with a minor passenger and a fine for driving with a high BAC. "Penalty enhancers . . . authorize specified increases to separate specified penalties for underlying crimes. Thus, the underlying crime has a penalty, and the enhancer adds an additional penalty." Beasley, 271 Wis. 2d 469, ¶14. In order to give effect to both penalty enhancers, the fine associated with each must be paid.

¶30 We interpret the text of the OWI statutes to mean what it says. The text of these statutes is plain. Wisconsin Stat. § 346.65(2)(am)3 says the minimum fine for third-OWI is $600. Wisconsin Stat. § 346.65(2)(f)2 requires doubling the $600 fine. Wisconsin Stat. § 346.65(2)(g)3 requires quadrupling the $600 fine. The statute requires Neill be fined $1,200 as a result of the first penalty enhancer and $2,400 for the second penalty

enhancer for a total fine of $3,600.  This interpretation applies both penalty enhancers and follows the text as it is written.[5]

### V.  CONCLUSION

¶31  We conclude the plain text of the statute requires a court sentencing a defendant convicted of a third-offense OWI with penalty enhancers for having a minor in the car and a high BAC to impose a fine reflecting both penalty enhancers.  The minimum fine for third-offense OWI is $600 under Wis. Stat. § 346.65(2)(am)3. Wisconsin Stat. § 346.65(2)(f)2 requires the "applicable minimum" in paragraph (am)3 to be doubled for having a minor in the car, resulting in a minimum fine of $1,200 for that penalty enhancer. Wisconsin Stat. § 346.65(2)(g)3 requires the "applicable minimum" in paragraph (am)3 to be quadrupled for having a high BAC, resulting in a minimum fine of $2,400 for that penalty enhancer. Applying the enhanced fines in Neill's case requires him to pay $1,200 for having a minor passenger plus $2,400 for having a high BAC.  These two fines total $3,600, not $4,800.  The court of appeals erred when it affirmed the $4,800 fine imposed by the circuit court.  We reverse the decision of the court of appeals

---

[5] Although ambiguity was raised in the lower court, no one asserts ambiguity before this court.  We see no ambiguity in these statutes.  "A statute is not ambiguous simply because the parties disagree as to its meaning.  Rather, a statute is ambiguous if reasonable people can understand it in more than one way." Preston v. Meriter Hosp., Inc., 2005 WI 122, ¶20, 284 Wis. 2d 264, 700 N.W.2d 158.  That is not the case here.

16

and remand with directions to amend the judgment to require Neill pay a fine of $3,600.[6]

*By the Court.*—The decision of the court of appeals is reversed, and the cause is remanded to the circuit court for further proceedings consistent with this opinion.

---

[6] The court ordered supplemental briefs in this case after the State informed the court that it thought a recently decided unpublished court of appeals case, State v. Culver, No. 2018AP799-CR, unpublished slip op. (Wis. Ct. App. July 25, 2019), would impact our decision in Neill's case.  The State interprets Culver to say that when the application of a penalty enhancer makes the OWI a felony instead of a misdemeanor, the penalty enhancer is no longer a penalty enhancer; instead, third-offense OWI with a minor in the car is its own crime carrying a minimum fine of $1,200. This, the State contends, means that Neill's minimum fine is $1,200 and when the high-BAC penalty enhancer requiring quadrupling of the minimum fine is applied, the resulting fine is $4,800.  We reject the State's contention.

Culver involved a dispute over how to calculate the extended supervision portion of a sentence and whether a fifth- offense OWI with a minor passenger was a classified or unclassified offense. Culver, No. 2018AP799-CR, unpublished slip op., ¶¶1-3, 13.  The court of appeals in Culver did not conduct a statutory analysis to resolve this issue.  Instead, it relied entirely on a footnote in State v. Jackson, 2004 WI 29, ¶37 n.8, 270 Wis. 2d 113, 676 N.W.2d 872, referencing 2004 OWI law, which has since been amended by the legislature.  See Wis. Stat. § 346.65(2)(am)4m (2011-12). Neither party to the Culver case petitioned this court for review and this court is not bound by Culver, an unpublished court of appeals decision.

Regardless, it is not necessary for us to analyze the Culver case because, as we have already explained, the plain text of the statutes controls the disposition of the issue presented in Neill's petition for review.

17