COURT OF APPEALS
DECISION
DATED AND FILED

June 20, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP1963-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2017CF606

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

V.

DONALD R. GOLDSWORTHY,

    DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Columbia County: TODD J. HEPLER, Judge. *Affirmed*.

Before Blanchard, Graham, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Donald Goldsworthy appeals a judgment of conviction for operating a motor vehicle with a detectable amount of a restricted

controlled substance, as a fifth offense. Goldsworthy contends that the circuit court erred by denying his motion to suppress evidence obtained during a traffic stop of his vehicle. We conclude that the court properly denied Goldsworthy's motion to suppress, and accordingly we affirm.

¶2      Goldsworthy was charged with multiple offenses based on evidence obtained following a traffic stop of his vehicle. Goldsworthy moved to suppress the evidence obtained during the traffic stop, arguing that the stop was not supported by reasonable suspicion of any traffic violation.

¶3      At the suppression hearing, an officer testified that he stopped Goldsworthy's vehicle because it had six different lamps activated, in violation of WIS. STAT. § 347.07(1) (2021-22).[1] That statute provides:

> Whenever a motor vehicle equipped with headlamps also is equipped with any adverse weather lamps, spotlamps or auxiliary lamps, or with any other lamp on the front thereof projecting a beam of intensity greater than 300 candlepower, not more than a total of 4 of any such lamps or combinations thereof on the front of the vehicle shall be lighted at any one time when such vehicle is upon a highway.

*Id.* More specifically, the officer testified that the vehicle had three lamps activated on each side of the front of the vehicle, and that it appeared to the officer that all six lamps were approximately the same brightness. The officer testified that his understanding was that § 347.07 provides that a maximum of four lamps may be activated on the front of a vehicle at the same time. He testified that he

---

[1] We use the term "lamp" for what might commonly be referred to as a "light," because that is the terminology used in WIS. STAT. § 347.07.

All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

was not aware of any requirement that any of the unlawful "extra" lamps had to have a luminous intensity above 300 candlepower to count toward the maximum.

¶4 The prosecution also offered into evidence the officer's body camera recording of the traffic stop and a transcript of the recording. On the recording, the officer could be heard explaining to Goldsworthy that he was stopped because he had all of the following activated on the front of his vehicle: "[Y]ou have the two LEDs, the two fog lamps[,] and your two headlamps." Using the terminology of WIS. STAT. § 347.07(1), this would be two "auxiliary lamps," two "adverse weather lamps," and two "headlamps."

¶5 The circuit court denied the suppression motion. It determined that WIS. STAT. § 347.07(1) is ambiguous as to whether a vehicle may have a total of four or six front-mounted lamps illuminated simultaneously. The court determined that the more reasonable interpretation of § 347.07(1) is that it allows only four such lamps. The court also determined that, based on the officer's testimony that all six of the lamps were about equally bright, it was reasonable to infer that all had a luminous intensity above 300 candlepower.

¶6 One lawful basis to stop a vehicle is reasonable suspicion that a traffic law has been or is being violated. *State v. Houghton*, 2015 WI 79, ¶30, 364 Wis. 2d 234, 868 N.W.2d 143. This depends on the ability of a reasonable officer in the officer's position "to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Terry v. Ohio*, 392 U.S. 1, 21 (1968). Reviewing courts examine whether the facts of the case would warrant a reasonable police officer, in light of the officer's training and experience, to suspect that an individual is committing, is

about to commit, or has committed an offense. *State v. Anderson*, 155 Wis. 2d 77, 83-84 & n.1, 454 N.W.2d 763 (1990).

¶7     Whether a suppression motion should have been granted is a question of constitutional fact. *State v. Knapp*, 2005 WI 127, ¶19, 285 Wis. 2d 86, 700 N.W.2d 899.  We uphold a circuit court's findings of fact unless they are clearly erroneous, but we independently review whether those facts meet constitutional standards. *State v. Johnson*, 2007 WI 32, ¶13, 299 Wis. 2d 675, 729 N.W.2d 182.  Statutory interpretation is also a question of law that we review de novo. *See State v. Neill*, 2020 WI 15, ¶14, 390 Wis. 2d 248, 938 N.W.2d 521.

¶8     Goldsworthy argues that WIS. STAT. § 347.07(1) allows a total of six front-mounted lamps to be illuminated simultaneously.  He argues that the term "any such lamps or combinations thereof" refers to the types of lamps listed in addition to the two standard headlamps.  He contends that, had the legislature intended to include all lamps on the front of a vehicle in the phrase "any such lamps or combinations thereof," there would have been no need to list other types of lamps in addition to the standard two headlamps.  Thus, Goldsworthy contends, a vehicle may have a total of six illuminated lamps:  the two headlamps, plus up to four of the other types of lamps.

¶9     The State argues that WIS. STAT. § 347.07(1) provides that a vehicle may have only a total of four front-mounted lamps illuminated simultaneously.  It contends that the phrase "not more than a total of 4 of any such lamps or combinations thereof" refers to all of the types of lamps identified in the preceding clause, including "headlamps" and "any adverse weather lamps, spotlamps or auxiliary lamps," and "any other lamp … projecting a beam of intensity greater

than 300 candlepower." Thus, the State asserts, § 347.07(1) prohibits more than a total of four simultaneously illuminated lamps on the front of a vehicle.

¶10 In the alternative, the State contends that, even if WIS. STAT. § 347.07(1) allows a total of six illuminated lamps, the officer in this case had reasonable suspicion for the stop because he relied on a reasonable mistake of law, namely, that the statute allows only four front-mounted lamps to be activated simultaneously. *See **Houghton***, 364 Wis. 2d 234, ¶52 (holding "that an objectively reasonable mistake of law by a police officer can form the basis for reasonable suspicion to conduct a traffic stop").

¶11 We conclude that the officer had reasonable suspicion to stop Goldsworthy to investigate a violation of WIS. STAT. § 347.07(1). In reaching this conclusion, we need not decide whether the statute allows a vehicle to have four or six simultaneously illuminated front-mounted lamps. We determine that, even if the statute allows six, the officer relied on a reasonable mistake of law that the statute allows only up to four. *See **Houghton***, 364 Wis. 2d 234, ¶52 ("[A]n objectively reasonable mistake of law by a police officer can form the basis for reasonable suspicion to conduct a traffic stop.").

¶12 We conclude that the officer's interpretation of WIS. STAT. § 347.07(1) was objectively reasonable. The statute provides that a vehicle may have "not more than a total of 4 of any such lamps or combinations thereof on the front of the vehicle" illuminated at one time, which as the State argues reasonably could apply to all of the types of lamps listed in the preceding part of the statute. Sec. 347.07(1). Because the statute was subject to that reasonable interpretation, the officer's reliance on that interpretation, even if mistaken, established reasonable suspicion for the stop. *See **Houghton***, 364 Wis. 2d 234, ¶68 ("If the

statute is genuinely ambiguous, such that overturning the officer's judgment requires hard interpretive work, then the officer has made a reasonable mistake." (quoted source omitted)).

¶13    Our conclusion is also supported by the fact that Goldsworthy cites no authority interpreting the statute as allowing up to six total front-mounted lamps.[2]  *See id.*, ¶70 ("That the statute has never been interpreted before weighs in favor of" finding officer's interpretation reasonable.).  "Because 'a reasonable judge could agree with the officer's view' … in this case, we hold that [the officer's] mistake of law was objectively reasonable[.]"[3]  *See id.*, ¶71 (quoted source omitted).

---

[2] The State cites *State v. Brown*, No. 2018AP2382, unpublished slip op. (WI App May 23, 2019), as persuasive authority that WIS. STAT. § 347.07(1) allows a total of four lamps to be lighted at the front of a vehicle.  The issue in *Brown* was whether an officer made a reasonable mistake of fact in stopping Brown based on the officer's mistaken belief that Brown's vehicle had six simultaneously illuminated front lamps.  *Brown*, No. 2018AP2382, ¶11.  The issue of whether the statute allows four or six lamps was not presented in *Brown*.  Nevertheless, we framed the issue as "whether the officer had reasonable suspicion to believe that Brown's vehicle was operating on a highway with more than four headlamps lit in violation of … § 347.07(1), which provides that 'not more than a total of 4 [lamps] on the front of [a] vehicle shall be lighted at any one time when [the] vehicle is upon a highway.'"  *Brown*, No. 2018AP2382, ¶1 (alterations in original).  Although *Brown* is not controlling authority, we note that our conclusion that the officer's belief that the statute allows a total of four lamps was objectively reasonable is consistent with the result in *Brown*.

[3] Indeed, in his reply brief, Goldsworthy does not dispute the State's argument that it was objectively reasonable for the officer to interpret the statute as prohibiting more than four front-facing, illuminated lamps.  Rather, he argues only that the officer did not rely on a reasonable mistake of law because the officer was unaware of what Goldsworthy submits is the requirement that a lamp must have a luminous intensity above 300 candlepower to count toward the total number of permitted front-mounted lamps, an argument that we address below.  We take Goldsworthy's lack of a reply on this argument as a concession that the officer's belief that the statute allows a total of four lighted lamps on the front of a vehicle was objectively reasonable.  *See United Coop. v. Frontier FS Coop.*, 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578 (failure by appellant to respond in reply brief to an argument made in respondent's brief may be taken as a concession).

¶14    Goldsworthy contends, however, that the officer did not rely on a reasonable mistake of law in stopping him because the officer did not correctly take into account WIS. STAT. § 347.07(1)'s reference to "projecting a beam of intensity greater than 300 candlepower." As the basis for this argument, Goldsworthy contends that § 347.07(1) requires that any lamp must have a luminous intensity above 300 candlepower to count toward the total permitted number of front-mounted illuminated lamps. In Goldsworthy's view, this candlepower requirement applies to all of the types of lamps specifically identified in the statute, as well as "any other lamp." Continuing from that premise, Goldsworthy argues that the officer lacked reasonable suspicion to stop him because the officer provided no testimony that he was able to determine the candlepower of any lamp. *See State v. Conaway*, 2010 WI App 7, ¶13, 323 Wis. 2d 250, 779 N.W.2d 182 (officer lacked reasonable suspicion for vehicle window tint violation where "nothing in the officer's testimony provide[d] a basis for a finding that the officer had the ability to judge whether a tinted rear window came close to or failed to meet the 35%-light-pass-through requirement").

¶15    In contrast, the State argues that the candlepower requirement applies only to "any other lamp" within the phrase "any other lamp on the front thereof projecting a beam of intensity greater than 300 candlepower." For this reason, the State contends, Goldsworthy's candlepower argument is irrelevant because there is no dispute that Goldsworthy simultaneously activated his headlamps, adverse weather lamps, and auxiliary lamps, and these were not subject to the candlepower requirement. Under this view, all that matters is that

Goldsworthy had activated "the other specifically listed types of lamps from WIS. STAT. § 347.07(1)—headlamps, adverse weather lamps, and auxiliary lamps."[4]

¶16    As with the first issue, we need not resolve this dispute. We conclude that it would have been objectively reasonable for an officer in the position of the officer here to interpret WIS. STAT. § 347.07(1) as the State now advocates, limiting the total number of headlamps plus adverse weather lamps and auxiliary lamps on the front of a vehicle to four, without regard to their candlepower.

¶17    WISCONSIN STAT. § 347.07(1) provides that when a vehicle that is equipped with headlamps is also equipped with "any adverse weather lamps, spotlamps, or auxiliary lamps, or with any other lamp on the front thereof projecting a beam of intensity greater than 300 candlepower," there may be "not more than a total of 4 of any such lamps or combinations thereof on the front of the vehicle" illuminated at the same time. It is objectively reasonable to interpret the statute as providing that the lamps that count toward the total number of allowed lamps are the types specifically identified plus "any other lamp on the front thereof projecting a beam of intensity greater than 300 candlepower." Again, Goldsworthy cites no authority interpreting the statute to apply the candlepower

_____

[4] The State also contends that the officer's testimony that all of the lights were the same brightness was sufficient to establish reasonable suspicion that the lights exceeded 300 candlepower. And, the State asserts that even if the officer was mistaken and some or all of the lamps on Goldsworthy's vehicle were under 300 candlepower, the stop would be permissible based on a reasonable mistake of fact. *See* **State v. Houghton**, 2015 WI 79, ¶75, 364 Wis. 2d 234, 868 N.W.2d 143 (explaining that "searches and seizures *can* be based on mistakes of fact"). Because we conclude that it was objectively reasonable for the officer to interpret the statute as prohibiting more than four headlamps, adverse weather lamps, and auxiliary lamps, regardless of their candlepower, we do not reach those arguments.

requirement to all of the lamps on the front of the vehicle.[5] *See* ***Houghton***, 364 Wis. 2d 234, ¶70. We conclude that a reasonable judge could agree with the officer's view that the candlepower requirement applies only to "any other lamp," not the enumerated lamps, and that such an interpretation is therefore objectively reasonable. *See id.*, ¶71.

¶18 Goldsworthy attempts to base an argument on the testimony of the officer here to the effect that he was personally not aware of the 300 candlepower requirement, regardless of how it might be interpreted. But this argument would go nowhere. We generally do not base a reasonable suspicion analysis on the subjective knowledge or views of the officers involved in incidents, but instead on what actions reasonable officers in the positions of the officers could have reasonably undertaken, consistent with the Fourth Amendment. ***State v. Pugh***, 2013 WI App 12, ¶11, 345 Wis. 2d 832, 826 N.W.2d 418. As we have explained, an objectively reasonable interpretation of WIS. STAT. § 347.07(1) is that it prohibited Goldsworthy from having a total of six lamps—his headlamps, adverse weather lamps, and auxiliary lamps—illuminated on the front of his vehicle, regardless of candlepower. On that basis, we conclude that the officer had reasonable suspicion for the stop.

¶19 For all of these reasons, we affirm the judgment of the circuit court.

---

[5] The State again cites ***Brown***, No. 2018AP2382, ¶¶2-4, 12-13, pointing out that, there, we did not discuss candlepower at all as part of our reasonable suspicion analysis. Again, ***Brown*** is not controlling and the candlepower issue was not presented in that case. But ***Brown*** supports our conclusion that it is at least objectively reasonable to construe WIS. STAT. § 347.07(1) to provide that the types of lamps specifically identified in the statute do not have a candlepower requirement.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.