**COURT OF APPEALS
DECISION
DATED AND FILED**

**February 5, 2026**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP2346**

STATE OF WISCONSIN

Cir. Ct. No. **2022SC5724**

IN COURT OF APPEALS
DISTRICT IV

COLIN HOFFMAN,

    PLAINTIFF-RESPONDENT,

  V.

FRANK GRIBBLE,

    DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Dane County: NIA E. TRAMMELL, Judge. *Affirmed*.

¶1 KLOPPENBURG, J.[1] Frank Gribble appeals a circuit court order denying his demand for a trial de novo. Gribble argues that the court erred when it

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

determined that he filed his demand after the statutory deadline. Gribble's argument is contrary to the plain language meaning of the statute and not supported by the record. Accordingly, I affirm.

## BACKGROUND

¶2      The following procedural facts are not disputed.

¶3      In December 2022, Colin Hoffman filed a small claims summons and complaint against Gribble. Hoffman alleged that Gribble unlawfully retaliated against Hoffman for asserting his rights as a tenant by refusing to renew Hoffman's residential lease, and sought monetary damages.

¶4      On June 24, 2024, a circuit court commissioner held a hearing on Hoffman's retaliation claim. At the hearing, the court commissioner issued an oral decision in favor of Hoffman and awarded Hoffman damages in the amount of $2,696 as well as attorney fees to be determined upon Hoffman's filing of an itemization of his attorney fees. On July 15, 2024, pursuant to the court commissioner's instructions at the hearing, Hoffman filed an itemization of his attorney fees, which Gribble did not contest. On July 26, 2024, a judgment incorporating the monetary damages and Hoffman's attorney fees was entered.

¶5      On August 1, 2024, Gribble filed a demand for a trial de novo before the circuit court. Hoffman filed a letter brief asking the court to dismiss Gribble's demand on the ground that Gribble "failed to timely seek review of the [circuit] court commissioner's oral judgment of retaliation and damages." Hoffman argued that Gribble's demand was untimely because it was made 37 days after the court commissioner's June 24, 2024 oral decision in favor of Hoffman, well after the expiration of the ten-day period from the date of an oral decision within which a

party may file a demand for a trial de novo under WIS. STAT. § 799.207(2)(b). Gribble filed a letter brief in response, asserting that the court commissioner stated at the hearing that the decision "would be held in abeyance for 10 days following the filing of [Hoffman's] statement of fees and costs." In other words, Gribble argued, the oral decision "became operational on July 26, 2024," and, accordingly, his August 1, 2024 demand for a trial de novo was timely filed.

¶6     On October 21, 2024, the circuit court held a hearing on Hoffman's motion to dismiss Gribble's demand for a trial de novo. The same day, the court issued a written order granting the motion to dismiss and denying the demand for a trial "[f]or the reasons[] stated on the record." The appellate record does not contain a transcript of the October 21 hearing.

¶7     Gribble appeals.

## DISCUSSION

¶8     In this appeal, the sole issue is whether Gribble timely filed his demand for a trial de novo under WIS. STAT. § 799.207. "'The interpretation and application of statutes present questions of law that we review independently.'" *Brey v. State Farm Mut. Auto. Ins. Co.*, 2022 WI 7, ¶9, 400 Wis. 2d 417, 970 N.W.2d 1 (quoted source omitted). Statutory interpretation "'begins with the language of the statute.'" *Id.*, ¶11 (quoted source omitted). "Statutory language is given its common, ordinary, and accepted meaning," and is read in context in light of the overall statutory scheme. *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶¶45, 46, 271 Wis. 2d 633, 681 N.W.2d 110.

¶9     WISCONSIN STAT. § 799.207 governs small claims proceedings before circuit court commissioners. Pursuant to § 799.207(1)(d), a record of a

proceeding before a court commissioner in a small claims action "shall be made and shall be limited to the time and location of the hearing, the parties, witnesses and attorneys present[,] and the decision." Pursuant to § 799.207(2)(b), the court commissioner's decision is reviewable by the circuit court only if a party files "a demand for trial within 10 days from the date of an oral decision or 15 days from the date of mailing of a written decision." Absent such a timely demand, the court commissioner's decision "shall become a judgment" and is not reviewable by the circuit court. § 799.207(2), (2)(b). Thus, when a court commissioner makes an oral decision, "the date of [the] oral decision" triggers the ten-day period within which a party may seek circuit court review of the decision.

¶10 The phrase in WIS. STAT. § 799.207(2)(b), "the date of an oral decision," uses "common words with known meanings" that require no particular definition. *See State v. Salinas*, 2016 WI 44, ¶45, 369 Wis. 2d 9, 879 N.W.2d 609 (referring to phrase "common scheme or plan" in WIS. STAT. § 971.12(1) as "common words with known meanings"). "[A]n oral decision" is a ruling delivered to the parties using spoken words. "[T]he date of an oral decision" is the day that the ruling is spoken to the parties. Here, the record establishes that the circuit court commissioner made an oral decision at the hearing on June 24, 2024, when the court commissioner told the parties of the commissioner's ruling in Hoffman's favor and of the award of monetary damages and attorney fees.

¶11 Specifically, the appellate record includes a document titled "Court Record" that contains CCAP entries by court staff of events in the proceedings

before the circuit court commissioner and the circuit court.[2]  The following entries show that the court commissioner made the oral decision as described above at the hearing on June 24, 2024; that Hoffman filed his itemization of attorney fees on July 15, 2024; and that, when the court commissioner received no objection to the itemization or other filing from Gribble within ten days of the filing of the itemization, judgment was entered into the court record:

> • an entry by court staff dated June 24, 2024, titled "Hearing" followed by one line of text stating, "Both parties w/ attys appeared, TDN rights explained," and a second line of text stating, "Note: judgment for plntf";
>
> • an entry by court staff dated June 24, 2024, tiled "Notes" followed by two lines of text stating, "Commissioner holding judgment for three weeks.  Attorney fees awarded but must be submitted";
>
> • an entry by court staff dated June 24, 2024, titled "Decision" followed by one line of text stating, "Oral Decision – hold for ten days from fee filing on 7/16/24, DDR 7/26/24 set";
>
> • an entry by court staff dated July 15, 2024, titled "Letters/correspondence" followed by one line of text stating, "from plntf's attny to CC Quiroga as to HE 6-24-24 itemization of fees";
>
> • an entry by court staff dated July 15, 2024, titled "Other papers" followed by one line of text stating, "Plntf's Itemization of Fees and Costs"; and
>
> • an entry by court staff dated July 26, 2024, titled "Notes" followed by one line of text stating, "DDR 7/26/24, nothing filed, judgment for plntf."

---

[2] In *Kirk v. Credit Acceptance Corp.*, 2013 WI App 32, ¶5 n.1, 346 Wis. 2d 635, 829 N.W.2d 522, we explained that "CCAP is an acronym for Wisconsin's Consolidated Court Automation Programs.  The online website reflects information entered by court staff."

The record also includes the following documents:

- Hoffman's letter attaching his costs and fees itemization, and the attached itemization, both filed with the court commissioner on July 15, 2024; and

- the court commissioner's notice of entry of judgment dated July 31, 2024, stating that "[j]udgment for money was entered into the court record on July 26, 2024," and including in the judgment $2,696 in damages and the attorney fees itemized by Hoffman.

¶12 These entries and documents establish that, as commonly understood, the date of the circuit court commissioner's oral decision is June 24, 2024. Accordingly, Gribble's demand for a trial de novo, filed 37 days later, was untimely.

¶13 Gribble argues on appeal that the time to file a demand for a trial de novo did not begin to run until July 26, 2024. Gribble does not engage in a plain language analysis of the phrase "the date of an oral decision" in WIS. STAT. § 799.207(2)(b). Rather, Gribble supports his argument as follows. He asserts that the circuit court commissioner stated that the oral decision at the June 24, 2024 hearing "would be held in abeyance for 10 days following the filing of [Hoffman's] statement of fees and costs." Relying on this "held in abeyance" assertion, Gribble further asserts that the court commissioner's oral decision on June 24 "was but an announcement of what the decision would be when granted and rendered," and that the decision was "technically granted on July 26, 2024," or ten days after the court commissioner "accepted" Hoffman's statement of fees on July 16, 2024. In other words, while the date of the court commissioner's oral decision is indisputably June 24, 2024, Gribble asserts that the decision was not "granted" until July 26, 2024, when the judgment was entered incorporating the damages and attorney fees awarded in the court commissioner's oral decision.

Under § 799.207(2)(b), Gribble then had until August 5, 2024, to file a demand for a trial de novo, and, therefore, Gribble's August 1, 2024 demand was timely.

¶14 As explained, this argument is contrary to the plain language meaning of "the date of an oral decision" in WIS. STAT. § 799.207(2)(b). This argument also impermissibly adds the language "the date that an oral decision is effective" or "the date that an oral decision is granted" (whatever it means to "grant" a decision) to the statute. In addition, this argument impermissibly substitutes "the date of the entry of judgment" for "the date of an oral decision," contrary to the clear distinction in § 799.207(2) between the circuit court commissioner's "decision" and "judgment." *See State v. Neill*, 2020 WI 15, ¶23, 390 Wis. 2d 248, 938 N.W.2d 521 ("'One of the maxims of statutory construction is that courts should not add words to a statute to give it a certain meaning.'" (quoted source omitted)); *State v. Wiedmeyer*, 2016 WI App 46, ¶13, 370 Wis. 2d 187, 881 N.W.2d 805 ("It is not up to the courts to rewrite the plain words of statutes...."); *State v. Fitzgerald*, 2019 WI 69, ¶30, 387 Wis. 2d 384, 929 N.W.2d 165 ("[W]e interpret the words the legislature actually enacted into law."); *see also* § 799.207(2) ("The circuit court commissioner's *decision shall become a judgment* 11 days after rendering, if oral, … except that: … (b) Either party may file a demand for trial within 10 days from the date of an oral decision … to prevent the entry of the judgment." (emphasis added)). These statutory provisions clearly state that the date that the oral decision is spoken triggers the ten-day period for filing a demand for a trial de novo, before the judgment on the decision is entered.

¶15 Moreover, there is no transcript of the hearing in the circuit court on the issue of whether Gribble's demand for a trial de novo was timely filed under WIS. STAT. § 799.207(2)(b). Without a transcript, Gribble's arguments on appeal

are unsupported. Specifically, this court does not know what arguments or evidence the parties presented to the circuit court regarding what the circuit court commissioner said at the hearing on June 24, 2024, or what the various abbreviations in the above-quoted record entries mean; or what factual findings the court made based on the evidence presented, including any findings related to "the date of [the court commissioner's] oral decision" under § 799.207(2)(b), in determining that Gribble's demand for a trial de novo was untimely. "'It is the appellant's responsibility to ensure completion of the appellate record[,] and when an appellate record is incomplete in connection with an issue raised by the appellant, we must assume that the missing material supports the [circuit] court's ruling.'" ***Gaethke v. Pozder***, 2017 WI App 38, ¶36, 376 Wis. 2d 448, 899 N.W.2d 381 (quoted source omitted); *see also* WIS. STAT. RULE 809.11(4). So, here, this court must assume that the material presented at the circuit court hearing supports the court's ruling that Gribble filed his demand for a trial de novo more than ten days after "the date of [the court commissioner's] oral decision." *See* § 799.207(2)(b).

¶16 Gribble argues that the issue is solely one of construction of the circuit court commissioner's decision, which is a question of law reviewed de novo. While it is generally correct that the meaning of an order is a question of law reviewed de novo, *see* ***Park Manor, Ltd. v. DHFS***, 2007 WI App 176, ¶13, 304 Wis. 2d 512, 737 N.W.2d 88, the record before this court does not contain a court commissioner's order or decision, but only the record entries prepared by court staff and the judgment. Moreover, the issue is not what the court commissioner's oral decision means, but what "the date of [the] oral decision" is, *see* WIS. STAT. § 799.207(2)(b), and that date is established by the record as June 24, 2024.

¶17    Gribble also argues that his interpretation of the circuit court commissioner's decision is "completely reasonable and logical" for a number of reasons. This argument fails for the same reasons stated above.

¶18    To the extent that Gribble means for this argument to apply to his interpretation of what the date of the circuit court commissioner's decision is, such an argument fails because he failed to include in the appellate record the transcript of the motion hearing. As stated above, in the absence of a transcript of the motion hearing, this court cannot know what evidence or argument Gribble made to the circuit court, what factual findings, if any, the court made, or what arguments the court addressed. I assume that the transcript that Gribble failed to include in the appellate record supports the circuit court's decision regarding the date of the court commissioner's oral decision, which is the only fact that matters under WIS. STAT. § 799.207(2)(b). *See Gaethke*, 376 Wis. 2d 448, ¶36 (this court assumes that missing material not provided by the appellant supports the circuit court's ruling).

¶19    Gribble further argues that denying him a trial in front of the circuit court is contrary to the interests of justice. However, the legislature has chosen to set a deadline for the demand for a trial de novo following a decision by a circuit court commissioner. *See* WIS. STAT. § 799.207(2)(b). After that deadline, the court commissioner's decision is entered as a judgment and is no longer reviewable. *See Carroll v. Sarko Eng'g, Inc.*, No. 2021AP857, unpublished slip op., ¶27 (WI App Feb. 10, 2022) (Absent a timely demand for a trial de novo, "the court commissioner's decision 'shall become a judgment' and is no longer reviewable by the circuit court (or, for that matter, by the court of appeals)."

(quoting § 799.207(2))).[3] This court will not substitute its own judgments for those of the legislature.[4]

## CONCLUSION

¶20 For the reasons stated above, I affirm.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[3] *See* WIS. STAT. RULE 809.23(3)(b) (permitting the citation of authored unpublished opinions issued after July 1, 2009, for their persuasive value).

[4] To the extent that this opinion does not address additional arguments made by Gribble in his reply brief, he forfeited those arguments by raising them for the first time in a reply brief. *See **Bilda v. County of Milwaukee***, 2006 WI App 57, ¶20 n.7, 292 Wis. 2d 212, 713 N.W.2d 661 ("It is a well-established rule that we do not consider arguments raised for the first time in a reply brief.").